UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 17-5967 |
| MARDECHRIA CHARLES AND DERRICK MCDONALD | SECTION A (1) |

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss Defendants' Malicious Prosecution Counterclaim (Rec. Doc. 23)** filed by Plaintiff/Counterdefendant Republic Fire and Casualty Insurance Company ("Republic"). Defendants/Counterclaimants Mardechria Charles and Derrick McDonald oppose this motion (collectively referred to as "Counterclaimants"). (Rec. Doc. 28). The motion, set for submission on November 15, 2017, is before the Court on the briefs without oral argument. This matter is set to be tried to a jury beginning on May 21, 2018 at 8:30 a.m.

Republic seeks dismissal of Counterclaimants' claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Counterclaimants have failed to state a "plausible" claim for relief. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Republic's motion should be **GRANTED** for the reasons set forth below.

**I.   Background**

This matter arises out of a house fire that occurred in Vacherie, Louisiana at a home owned by Mardechria Charles. On June 20, 2017, Republic—insurer of the home—brought suit against Ms. Charles and her husband Derrick McDonald seeking declaratory judgment and restitution. Republic's Complaint seeks a judicial declaration that Republic owes no further payments under

the subject policy of insurance and that Republic is entitled to reimbursement of the payments it has made on behalf of Ms. Charles in connection with the fire. (Rec. Doc. 1). Republic presents several arguments for denying coverage to Ms. Charles, but Republic's main argument contends that the fire was intentionally set by Mr. McDonald with Ms. Charles having knowledge of the scheme. *Id.* at p. 13, ¶ 48 ("Coverage is excluded under the Intentional Loss exclusion of the policy because the fire was intentionally set by Derrick McDonald, insured under the policy, at the direction of Charles, as evidenced by telephone records and other evidence.").

Republic alleges to have discovered the episode of arson after conducting an independent investigation of the home. *Id.* at p. 5, ¶ 24. After Ms. Charles notified Republic about the fire on July 10, 2016, Republic retained an expert to investigate the cause and origin of the fire. *Id.* The expert's findings included: (1) that there were two separate and distinct areas of origin of the fire, (2) both of the areas of origin were intentionally set, and (3) the item first ignited was gasoline vapor and the source of the ignition was an open flame. *Id.* at ¶ 26. Republic then provided information concerning the fire to the Louisiana State Fire Marshal. (Rec. Doc. 23-1, pp. 4–6). Republic alleges that the Fire Marshal then investigated the fire and determined that the fire was intentionally set by Mr. McDonald. (Rec. Doc. 1, p. 5, ¶ 30). Subsequently, a warrant was issued for the arrest of Mr. McDonald under the charge of simple arson of an inhabited dwelling in connection with the subject fire. *Id.* However, the charges against Mr. McDonald were ultimately dropped by the St. John the Baptist Parish District Attorney on September 14, 2017. (Rec. Doc. 28-2).

From the dismissal of these charges, Mr. McDonald and Ms. Charles brought a malicious prosecution counterclaim in their Answer, which Republic seeks to dismiss with the instant motion. Ms. Charles and Mr. McDonald seek damages in the form of payments owed pursuant to

the terms of Republic's Residential Homeowners Insurance Policy HI3 0774069 09 12 (the "Policy"). According to their counterclaim, Ms. Charles and Mr. McDonald allege that Republic provided information through a contracted investigator to the Louisiana State Fire Marshal's Office. (Rec. Doc. 18, p. 13, ¶ 8). As a result, the Louisiana State Fire Marshal investigated the alleged arson and a warrant was ultimately issued for the arrest of Mr. McDonald. *Id*. at ¶ 10. Ms. Charles and Mr. McDonald aver that the information provided by Republic was done with the intent to maliciously prosecute Mr. McDonald for simple arson to deny coverage under the Policy. *Id.*

Republic's instant motion seeks to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). Republic argues that the counterclaim fails to sufficiently plead the elements of a Louisiana state law claim for malicious prosecution.

## II. Jurisdiction and Venue

The Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332. Plaintiff Republic is a legal entity organized and existing under the laws of Oklahoma, with its principal place of business in Texas. Counterclaimants are citizens of Michigan. The Court finds that the amount in controversy exceeds $75,000.00.

Venue is proper in this Court because the property that is the subject of this litigation is located within the geographic boundaries of the Eastern District of Louisiana. 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .").

### III. Legal Standard

In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in a light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

### IV. Law and Analysis

A claim for malicious prosecution compromises the following elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor

4

of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff. *Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984) (citing *Eusant v. Unity Indus. Life Inc.*, 196 So. 554, 556 (1940); *Hibernia Nat'l Bank v. Bolleter*, 390 So.2d 842, 843 (La. 1980)). Never favored in our law, a malicious prosecution claim must clearly establish that the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent. *LeBlanc v. Pynes*, 69 So.3d 1273, 1279 (La. App. 2nd Cir. 2011) (citing *Johnson v. Pearce*, 313 So.2d 812 (La. 1975)).

Republic brings the instant motion arguing that Counterclaimants have failed to sufficiently allege the elements of a malicious prosecution claim. In particular, Republic argues that the second and fifth elements—legal causation and malice, respectively—have not been sufficiently pleaded. Republic contends that the Counterclaimants have failed to state a claim for malicious prosecution because they cannot establish causation, *i.e.*, that Republic's conduct was the sole cause of Mr. McDonald's criminal prosecution. Moreover, Republic also contends that Counterclaimants cannot establish malice because Republic was required by law to report the results of its investigation to the Louisiana State Fire Marshals.

A. Legal Causation

The Court begins its analysis of the malicious prosecution claim with the second element of the cause of action—legal causation. To fulfill the second element of a malicious prosecution claim, the original defendant must have caused the prosecution. An independent investigation by law enforcement of a complaint made by a citizen may break the chain of causation between the complaint and the ultimate commencement of a criminal proceeding. *LeBlanc v. Pynes*, 46, 393 (La. App. 2 Cir. 7/13/11); 69 So.3d 1273 (citing *Adams v. Harrah's Bossier City Inv. Co., L.L.C.*,

5

41, 468 (La. App. 2d Cir. 1/10/07); 948 So.2d 317, 320, *writ denied*, 07-0639 (La. 5/11/07); 955 So.2d 1281). However, there are cases in which there may not be enough of an intervening police investigation to break the chain of causation. *See*, *Craig v. Carter*, 30, 625 (La. App. 2d Cir. 9/23/98); 718 So.2d 1068, 1070, *writ denied,* 98–2698 (La. 12/18/98); 734 So.2d 636.

Republic cites *Rombach v. State* to put forth the proposition that "where an institution is required by law to investigate a complaint, the chain of causation is broken." (Rec. Doc. 23-1, p. 5); *Rombach v. State ex rel. Div. of Admin.*, 2015-0619 (La. App. 1st Cir. 12/23/2015). In *Rombach*, Louisiana's First Circuit Court of Appeals affirmed the dismissal of a plaintiff's malicious prosecution claim when the plaintiff failed to allege the legal causation element. The Louisiana First Circuit found that the chain of causation was broken when several defendants submitted a report concerning plaintiff's behavior to the Louisiana Board of Ethics. The First Circuit failed to find causation when the Board of Ethics was "statutorily mandated to conduct an independent investigation and [had] the autonomy of deciding whether or not to pursue alleged violations independent of a complaint. *See* La. R.S. 42:1141(C)." *Id.* at n. 9.

Applying *Rombach* to this case, Republic argues that the chain of causation was broken when the Louisiana State Fire Marshal conducted an independent investigation of the fire at issue. (Rec. Doc. 23-1, p. 6). Republic asserts that according to Louisiana Revised Statute § 40:1568(A)–(C), the Louisiana State Fire Marshal is required by law to conduct an independent investigation of any reported suspicious fire before charging a person with arson and having the person arrested. *Id.* at p. 5. Louisiana Revised Statute §40:1568 states, in relevant part:

> A. The fire marshal shall make or cause to be made a special examination of the circumstances surrounding each fire of suspicious origin and of any fire reported to have been caused by design.
>
> . . .

C. If, after this investigation, the fire marshal or his authorized representative is of the opinion that there is evidence sufficient to charge any person with the crime of arson, he shall have the person arrested and so charged and shall furnish to the district attorney of the judicial district in which the fire occurred all the evidence, together with the names of the witnesses and all the information obtained by him, including a copy of all pertinent and material testimony taken in the case.

Thus, Republic contends that legal causation ceased when it submitted its own investigative report to the Fire Marshal and the Fire Marshal subsequently investigated and sought charges against Mr. McDonald. Republic analogizes the Louisiana Board of Ethics' legal duty to investigate and charge an individual, as illustrated in *Rombach*, with the Louisiana State Fire Marshal's legal duty to investigate and charge an alleged arsonist.

On the other hand, Counterclaimants argue their claim sufficiently alleges that Republic caused the prosecution of Mr. McDonald by providing investigative report information to the Fire Marshal. (Rec. Doc. 28, p. 4). In support of their argument, Counterclaimants rely on the Fifth Circuit's recent decision in *McLin v. Ard*, 866 F.3d 682 (5th Cir. 2017). (Rec. Doc. 28, pp. 4–5). The *McLin* decision held that while an independent intermediary's own review of facts leading to an arrest will usually break the chain of causation and insulate the initiating party, "[t]he initiating party may be liable for false arrest, however, if the Plaintiff shows that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *McLin*, 866 F.3d at 682.[1] Further explanation by the Fifth Circuit provides that "'because the intermediary's deliberations protect even officers with malicious intent,' a plaintiff must show that the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent

---

[1] The Court notes that while sitting in diversity it must apply Louisiana substantive law to this matter according to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Counterclaimants depend greatly on *McLin v. Ard* and the cases cited therein. 866 F.2d 682. However, *McLin* was a federal question case, which brought claims pursuant to §1983 and applied the proper federal law under federal § 1983 jurisprudence. Therefore, while *McLin* is not binding in this case, the Court finds the reasoning and conclusions in *McLin* to be sound. Thus, *McLin* is found to be persuasive.

7

intermediary by omission or commission." *Id.* at 689 (citing *Buehler v. City of Austin/Austin Police Dep't.*, 824 F.3d 548, 555 (5th Cir. 2016)). The Fifth Circuit deemed this the "taint exception." In *McLin*, the Fifth Circuit assessed the "taint exception" at the motion to dismiss stage for the first time, and found that while "mere allegations of 'taint' . . . are insufficient at summary judgment . . . such allegations may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." *Id.* at 690–91 (internal citations omitted).

Therefore, mere allegations that information provided by the initiating party contains false and misleading information would not survive a motion to dismiss. However, a complaint will survive the motion to dismiss stage when the complaint's allegations are coupled with facts supporting an inference that an initiating party maliciously mislead or intentionally provided false information to the intermediary.

Counterclaimants allege that Republic provided information to the Fire Marshal via Republic's own investigative report and the Fire Marshal's subsequent investigation led to the prosecution of Mr. McDonald. (Rec. Doc. 18, p. 13, ¶¶ 8, 10). Thereafter, the charges against Mr. McDonald were dropped in September of 2017. (Rec. Doc. 28-2). Counterclaimants argue that although simply stated, these facts allow for an inference that Republic intentionally withheld information or mislead the intermediary—the Fire Marshal in this case—to target Mr. McDonald. (Rec. Doc. 28, p. 5). As a result, Counterclaimants argue that the "taint exception" is applicable, and as a result, the legal causation element has been properly pleaded.

However, the Court is not persuaded by this argument. Merely because the charges against Mr. McDonald were dropped does not necessarily result in an inference that Republic was engaged in foul play when providing information to the Fire Marshal. Alleging Republic engaged in foul play because Mr. McDonald's criminal charges were dropped does not create a sufficient

8

inference. Rather this allegation states only a threadbare legal conclusion as one of the elements of a malicious prosecution claim requires a "bona fide termination in favor of the present plaintiff" with a lack of probable cause. The arson charges against Mr. McDonald were dismissed on September 14, 2017 for lack of sufficient evidence. (Rec. Doc. 28-2). This fact supports the third and fourth elements of the malicious prosecution claim, but it does not properly give rise to an inference that the information provided by Republic to the Fire Marshal was "tainted."

In *McLin*, the plaintiff supported his "taint" exception allegation by providing facts that the defendants "conspired . . . to create false and materially misleading arrest warrant affidavits as the necessary predicate to securing" arrest warrants. *McLin*, 866 F.3d at 690. The *McLin* plaintiff also alleged defendants conducted a series of meetings to discuss the pursuit of criminal charges against plaintiff. *Id.* Here, Counterclaimants only supporting factual allegations are that Republic provided information to the Fire Marshal, which then led to the arrest warrant being issued against Mr. McDonald, and thereafter, the charges against Mr. McDonald were dismissed. The Court finds these factual allegations fall short of alleging that Republic purposefully mislead the Fire Marshal. At this stage in the proceedings, Counterclaimants have failed to provide sufficient facts to support the element of legal causation.

  B. Malice

The Court continues its analysis of the malicious prosecution claim with the fifth element of the cause of action—malice. Republic alleges that the act of providing information to the Fire Marshal does not give rise to any inference that such act was done with malice. Rather, Republic notes that providing information to the Fire Marshal was an affirmative duty imposed on Republic by law. Louisiana Revised Statute § 40:1568 provides, in relevant part, "An insurance company . . . having reason to believe that a loss to its insured's real or personal property was

9

caused by incendiary means shall notify the fire marshal. . . ." La. R.S. § 40:1568.2, ¶ B. According to Republic's Complaint for Declaratory Judgment, the investigator retained by Republic concluded that the fire to Ms. Charles's home was intentionally set. (Rec. Doc. 1, ¶ 26). Thus, Republic alleges there is no inference of malice in turning over their investigator's report to the Fire Marshal, as Republic was statutorily required to do so.

On the other hand, Counterclaimants argue that Louisiana law provides that in establishing a claim for malicious prosecution, there is a presumption of malice and lack of probable cause in cases where the prosecuting officer has dismissed the charges. *Ned v. Eunice Police Dep't.*, No. 6:16-CV-1035, 2016 WL 7976132 (W.D. La. 12/14/2016). In support, Counterclaimants cite *Robinson v. Rhodes*, which provides:

> [T]he rule that where a committing magistrate, without trial, has discharged the accused, or the prosecuting officer has dismissed the charge, or where a grand jury has returned a no bill, there is a presumption of want of probable cause with the result that, in a suit for malicious prosecution based on that discharge, the burden of showing that he acted on probable cause and without malice is upon the defendant.

300 So.2d 249, 251 (La. App. 2d Cir. 1974). Counterclaimants argue that they are entitled to a presumption of malice and lack of probable cause because the charges against Mr. McDonald were dropped due to insufficient evidence. The District Attorney in St. John the Baptist Parish dismissed the simple arson charge against Mr. McDonald. (Rec. Doc. 28, Ex. B). Therefore, such a dismissal of Mr. McDonald's criminal proceeding by the prosecutor would mean there exists a presumption of malice under the *Robinson* decision.

However, the Court is reluctant to adopt such a presumption in this case. Neither *Ned* nor *Robinson* dealt with facts in which the malicious prosecution defendants were obligated by law to submit information to an intermediary, such as Republic's obligation to submit their report to the Fire Marshal in this case. The Court is unwilling to find that malice has been sufficiently pleaded

as Republic has shown the Court that it was abiding by statute when providing its own investigative report to the Fire Marshal.

Nonetheless, the issue of whether Counterclaimants have sufficiently pleaded the malice element of their malicious prosecution claim becomes moot as the Court has found that Counterclaimants have failed to sufficiently plead the legal causation element. However, as explained further below, Counterclaimants may refile their claim only if additional discovery received contains facts that can support the allegation of malice necessary for the malicious prosecution claim.

C. Procedural Posture of the Malicious Prosecution Claim

The crux of the malicious prosecution claim depends on the allegation that Republic's independent investigation was conducted in a manner that unjustly and maliciously targeted Mr. McDonald as an alleged arsonist to deny the underlying claim for homeowners' insurance proceeds. (Rec. Doc. 28, p. 8). It is further alleged that such actions were taken with wanton and reckless disregard of Mr. McDonald's rights and Ms. Charles's rights pursuant to the homeowner's insurance policy at issue. *Id.*

According to their Opposition, Counterclaimants have yet to receive numerous documents requested through discovery, which they believe may contain additional facts to support their malicious prosecution counterclaim. For example, Counterclaimants have yet to receive the Louisiana State Fire Marshal's investigative file, which they believe could contain information to support their allegations of legal causation and malice.

In light of these discovery setbacks, Counterclaimants urge that their claim not be dismissed until they have the opportunity to review additional documentation regarding the counterclaim. The Court agrees. As stated above, the Court finds that the Counterclaimants'

11

current malicious prosecution claim does not sufficiently state a claim for which relief can be granted. However, the Court further finds that it would be unjust to dismiss the malicious prosecution claim without affording Counterclaimants the opportunity to refile their claim after receiving the appropriate discovery, such as the Fire Marshal's investigative file. Therefore, the Court will grant Republic's motion to dismiss the malicious prosecution counterclaim, but will dismiss the claim without prejudice. Counterclaimants will be allowed to refile their counterclaim only if the additional discovery received contains facts that can support the allegations of legal causation and malice necessary for the malicious prosecution claim to pass the pleading stage.

V.     **Conclusion**

For the foregoing reasons, the Court **GRANTS** the motion and dismisses Counterclaimants' malicious prosecution cause of action without prejudice.

Accordingly;

IT IS ORDERED that **Republic's Motion to Dismiss Defendants' Malicious Prosecution Counterclaim (Rec. Doc. 23) is GRANTED**;

IT IS FURTHER ORDERED that **Defendants' Malicious Prosecution Counterclaim (Rec. Doc. 18) is DISMISSED WITHOUT PREJUDICE.**

January 4, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE