UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY | CIVIL ACTION |
|---|---|
| VERSUS | NO: 17-5967 |
| MARDECHRIA CHARLES, ET AL. | SECTION: "A" (1) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Reopen Case (Rec. Doc 56)** pursuant to Federal Rules of Civil Procedure ("FRCP") 60(b)(3) and (6). This motion was filed by the Plaintiff Republic Fire and Casualty Insurance Company ("Republic"). The Defendants, Mardechria Charles and Derrick McDonald, oppose the motion. (Rec. Doc 58, Defendants' Opposition). The motion, submitted for consideration on September 18, 2019, is before the Court on the briefs without oral argument.

### I. BACKGROUND

#### A. PRE-DISMISSAL EVENTS

This matter arises out of a house fire that occurred in Vacherie, Louisiana at a home owned by Mardechria Charles.[1] (Rec. Doc 56-1, p. 2, Republic's Memorandum in Support). The fire occurred on July 10, 2016, and Charles soon thereafter made a claim for damages with Republic. *Id.* at 3. Because of the fire's suspicious nature, Republic hired a cause and origin expert to investigate the property. *Id.* The expert's findings concluded that: (1) the fire had two separate and distinct areas of origin, (2) both of these areas of origin were

---

[1] Although the Defendants Mardechria Charles and Derrick McDonald are married, they do not share the same last name. (Rec. Doc 56-1, p. 2, Republic's Memorandum in Support).

intentionally set, and (3) the fire was started by an ignition of gasoline vapors. (Rec. Doc 1, p. 5, ¶ 26, Republic's Complaint).

Republic then provided this information to the Louisiana State Fire Marshal who determined that McDonald likely intentionally set the property on fire. (Rec. Doc 1, p. 5, ¶ 30, Republic's Complaint). Subsequently, a warrant was issued for his arrest under the charge of simple arson of an inhabited dwelling. *Id.* However, these charges were ultimately dropped by the St. John the Baptist Parish District Attorney on September 14, 2017. (Rec. Doc. 28-2, Defendants' Opposition to Republic's Motion to Dismiss Counterclaim).

This series of events then led Republic to move for a summary judgment declaring that no coverage existed under the policy for this fire (under various coverages and exclusions). (Rec. Doc 56-1, p. 4, Republic's Memorandum in Support). During settlement negotiations, the Defendants' counsel informed Republic that Charles and McDonald were planning on divorcing and that Charles was preparing to file for bankruptcy. *Id.* This caused Republic to agree to dismiss all of its claims against the Defendants in exchange for a $2,000 payment from Charles. *Id.* at 5. The parties then informed the Court of their agreement and an Order of Dismissal was entered on July 23, 2019. (Rec. Doc 54, Order of Dismissal). However, the parties never signed a written "receipt, release, indemnification agreement" nor any other form of written agreement containing their settlement's terms and conditions. (Rec. Doc. 58-1, p. 4, Defendants' Opposition).

### B. POST-DISMISSAL EVENTS

After this case was dismissed, Charles attempted to pay the $2,000 settlement amount by using a credit card, but Republic refused to accept this form of payment. (Rec. Doc 56-1, p. 5, Republic's Memorandum in Support). When Charles never tried to make another payment using an alternative payment method, Republic decided to investigate Charles and

McDonald's financial situation. *Id.* Republic's investigation uncovered that, collectively, Charles and McDonald had obtained title of seven different vehicles after the date of the case's dismissal. *Id.* at 6. Further, Republic alleges that Charles and McDonald never divorced nor did Charles ever file for bankruptcy. *Id.*

However, the Defendants in their Opposition dispute these contentions by saying, "[w]hile Mr. McDonald did move out of their home and the parties have been separated since that time, Ms. Charles has not yet filed a Petition for Divorce with the Court due to her limited financial means and her inability to pay an attorney." (Rec. Doc. 58-1, p. 4, Defendants' Opposition). Further, "[o]n May 10, 2019, Ms. Charles filed a Petition for Bankruptcy in United States Bankruptcy Court for the Eastern District of Michigan." *Id.* Lastly, the Defendants also assert that they no longer have possession of five of the seven cars to which Republic claimed they had title. *Id.* at 8-9.

Thus, believing that the Defendants had made false representations to them to induce them into making a settlement, Republic filed a motion to reopen this case and set aside the Order of Dismissal. (Rec. Doc 56-1, p. 1, Republic's Memorandum in Support). This motion was filed on July 23, 2019, exactly one year from the original order of dismissal. *Id.*

## II. <u>LEGAL STANDARD</u>

Rule 60(b) governs relief from a final judgment when the relief requested is not based upon a clerical mistake, oversight, or omission of the court. Under Rule 60(b), a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
or (6) any other reason that justifies relief.

A district court's decision to grant or deny a Rule 60(b) motion will be reviewed for abuse of discretion. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 182 (5th Cir.2000); *Barrs v. Sullivan*, 906 F.2d 120, 121 (5th Cir.1990). In exercising its discretion, a district court must remember that relief under Rule 60(b) is considered an "extraordinary remedy." *In re Pettle*, 410 F.3d 189, 191 (5th Cir.2005). Further, the Fifth Circuit has explained that neither strategic miscalculation nor a misapprehension of the law is a sufficient reason to grant Rule 60(b) relief from a party's voluntary actions. *Id.* at 192–93.

Here, Republic asks the Court to set aside the July 23, 2018 Order of Dismissal under either FRCP 60(b)(3) or 60(b)(6). (Rec. Doc 56-1, p. 1, Republic's Memorandum in Support).

### A. Relief under FRCP 60(b)(3)

A party seeking relief under FRCP 60(b)(3) for fraud, misrepresentation, or misconduct must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir.1995) (quotations and citations omitted). The moving party has the burden of proving the misconduct by clear and convincing evidence. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir.1978). Further, "[c]ourts have not generally interpreted 'misconduct' in Rule 60(b)(3) to include the breach of a settlement agreement." *Stancu v. Starwood Hotels & Resorts Worldwide*, Inc., 672 F. App'x 362, 367 (5th Cir. 2016). Lastly, a motion under Rule 60(b)(3) must be made within a reasonable time, not exceeding more than one year after the entry of judgment. Fed.R.Civ.P. 60(c).

Here, Republic cannot show by clear and convincing evidence that the Defendants' alleged misrepresentations warrant the Court setting aside the July 23, 2018 Order of Dismissal. For instance, Republic only offers two pieces of evidence to support its position: (1) an affidavit by Republic's Property Claims Manager stating that the Defendants' financial and marital issues induced him to enter into a settlement with the Defendants, (Rec. Doc 56-2), and (2) a printout of a "records and claims" search conducted by Republic on Charles and McDonald which illustrates the number of cars in their names. (Rec. Doc 56-3 and Rec. Doc 56-4). Further, Republic failed to contradict the Defendants' contention that, "in January 2019, Ms. Charles and Mr. McDonald did in fact separate in anticipation of Ms. Charles filing divorce proceedings, and on May 10, 2019, Ms. Charles filed a Petition for Bankruptcy in United States Bankruptcy Court for the Eastern District of Michigan. (Rec. Doc. 58-1, p. 13, Defendants' Opposition). Lastly, the Court does not have any proof of the parties' settlement agreement before it. The parties never had their agreement memorialized by the Court in the original Order of Dismissal, and, even more surprisingly, the parties never executed a formal written settlement agreement. *Id.* at 4. Thus, the Court finds that Republic cannot meet its burden under FRCP 60(b)(3).

### B. Relief under FRCP 60(b)(6)

Next, FRCP 60(b)(6) provides that "[o]n motion and just terms the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. Proc. 60(b)(6). Thus, "Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986). More specifically for this matter, courts have found that this rule "empowers a federal district court to reopen a dismissed suit due to a party's breach

of a settlement agreement." *Hernandez v. Companía Transatlantica*, No. 96–0716, 1998 WL 241530, at *2 (E.D. La. May 7, 1998) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994)). Lastly, the decision of whether or not to reopen a case is left to the discretion of the court. *African Exp. MV*, 941 F.Supp. at 70 (E.D. La. 1996).

Here, the Court finds that the interests of justice do not warrant setting aside the July 23, 2018 Order of Dismissal. As the Fifth Circuit has noted, "Rule 60(b) was not intended to relieve [a party] of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Nat'l City Golf Fin., a Div. of Nat'l City Commercial Capital Co., L.L.C. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (internal quotations omitted). Thus, through the lens of hindsight, Republic cannot use FRCP 60 to undo a settlement decision that they are no longer happy with. All settlement decisions come with the attached risk that future circumstances may arise which cause a party to regret its decision. Further, as an aside, the Court also declines to reopen this case for an alleged breach of settlement agreement when it does not have the specific terms of the parties' agreement before it.

Accordingly;

**IT IS ORDERED** that Republic's **Motion to Reopen Case (Rec. Doc. 56)** pursuant to Federal Rules of Civil Procedure ("FRCP") 60(b)(3) and (6) is **DENIED**.

October 22, 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE